**DIEBOLD, Incorporated, Walter F. Regenhardt, The Steel Storage File Company, Plaintiffs,**

v.

**RECORD FILES, Inc., Defendant.**
Civ. No. 27396.

United States District Court
N. D. Ohio, E. D.
Oct. 3, 1955.

See also 114 F.Supp. 375.

---

Warren H. F. Schmieding, Palmer Fultz, and Schmieding & Fultz, Columbus, Ohio, Clayton A. Quintrell, Cleveland, Ohio, for all plaintiffs, Diebold, Inc. Walter F. Regenhardt, The Steel Storage File Co.

Loren E. Souers, Sr., Loren E. Souers, Jr., Canton, Ohio, for plaintiff, Diebold, Inc.

George H. Barnard, Marion F. Graven, Wooster, Ohio, for plaintiff, The Steel Storage File Co.

H. F. McNenny, F. O. Richey, A. H. Edgerton, H. F. Schneider, H. E. Whitaker, and Richey, Watts, Edgerton & McNenny, Cleveland, Ohio, Robert Critchfield, Wooster, Ohio, for defendant, Record Files, Inc.

JONES, Chief Judge.

This is a suit for injunction based upon infringement of patents and for unfair competition. The defendant counterclaims for relief from alleged monopolistic practices of the plaintiffs.

Individuals connected with these parties have been in earlier litigation which seems to have been a family controversy. Judging by references to the earlier litigation, this action would appear to be a continuation of a fraternal feud.

Five patents are involved and certain specific claims of each are in issue.

It is in the interest of the parties and the business of the court that disposition of this suit be made promptly while the evidence is fresh in mind; and there would appear to be no reason why the court's responses to the issues should be the subject of lengthy discussions of them. It is thought sufficient briefly to state my findings and conclusions, and some comments thereon.

In reaching my determination I have given full recognition to the rule that there is an evidential presumption of validity which resides in the granting of a patent and that one who challenges validity by infringement has a heavy burden to overthrow that presumption and to establish invalidity.

Frankly, almost the entire field of the functional claims in the patents considered is more related to mechanical

development and selection and to design and dimensions than it is to the realm of invention. To incorporate various elements singly or jointly in a combination, which elements have been disclosed and used before in the same or in other like arts does not constitute invention or give such elements or combinations inventive status.

I do not deem it necessary to analyze or compare the claims or the elements considered as affecting the question of validity, the experts have performed that function and service; it is enough that these record cases and files, together with the construction and the elements involved have been closely observed and deliberately judged by me as to the inventive character of the plaintiffs' claims in view of the charges of infringement:

■ (1) I find and conclude that claim 2 of plaintiffs' patent 2,123,803, directed to two door stops, is invalid in view of the prior art. The idea embodied in claim 2 of that patent clearly was anticipated and disclosed in the earlier patents cited and discussed such as Lang, Anderson, Rand and others;

■ (2) Likewise are my findings and conclusions as to invalidity of patent 2,386,343, claim 1 in issue. This patent relates to an interlock for locking a plurality of cases together to form a filing cabinet. I regret that again I can find no disclosure of an inventive character in this claim. It is rather mechanical selection of means already known and used in the record file art, including the element relied upon in plaintiffs' patent 2,-169,769 (charge of infringement now withdrawn). The elements and purpose are the same,—to lock the cases securely together;

■ (3) Patent 2,256,352, claims 8 and 16, disclosing a "drawer follower" is nearer invention than others considered but I think lacks novelty enough to avoid the effect of disclosures of prior art patents such as Choate, Gollnick, Duncan, Hatfield and Burger;

■ (4) Claim 16 of patent 2,304,020 provides for a combination with means for locking casings adjacent to each other. I do not find any inventive character exhibited by this device and a finding and conclusion of invalidity will be made.

In the prior art Schriefer, relating to doors of a cabinet, is not a fatal anticipation but I regard Kuehl as a closer approach, although Sandman, I think, adequately presents anticipation.

■ (5) Claim 1 of patent 2,344,168 in issue relates to a drawer stop for preventing removal of the drawer in normal operation, but providing for removal by unusual rotating about its longitudinal axis when the drawer is extended. While the method of removing the drawer is unusual, yet I am unable to find any patentable novelty or practical utility to it. In any event, the defendant does not provide for the removal of its drawer by longitudinal rotation when the door is extended.

In my opinion neither Hoffman, Strayer nor Koch of the prior art disclose or provide for the complete or chief function and structure of plaintiffs' patent 2,344,168.

In referring above to the disclosures of the prior art, I do not necessarily find that each reference mentioned constitutes a complete anticipation of the respective claims of plaintiffs' patents in suit. What I do say is, if there are thought to be novel elements of a patentable stature in plaintiffs' patents, the prior art cited and discussed negatives validity.

To summarize what above and earlier has been said,—from my observation of the patents in suit, the claims in issue and the other patents discussed, especially those considered by me as prior art disclosures, I am unable to find that there is present in the claims of the plaintiffs' patents in issue any originality or novelty of a creative or patentable significance. There was no evidence that any need was met by the plaintiffs' several features incorporated into different combinations of the same type of cases, nor any evidence that commercial success resulted from or because of those

several combinations. Accordingly the plaintiffs are not entitled to the injunctive relief sought.

## On The Question of Unfair Competition

While there was not much evidence of a probative character that the plaintiffs have been damaged by defendant's conduct, I find and conclude that the defendant has been bold and persistent in the use of the general structural and functional characteristics of the plaintiffs' commercial record files, constituting unfair competition; but I can not find that plaintiffs are entitled to the broad relief or protection sought.

It must be realized that the plaintiffs should not be held to have pre-empted the whole field of sizes, dimensions and generally accepted characteristics of record files, since no such monopoly could be permitted. However, where, as here, it is clear that the defendant so patently and extensively copied and imitated the plaintiffs' various cases (in some instances sizes or model numbers appear to be interchangeable, one with another) it leaves the impression, and consequently a sound inference, of deliberate and intentional effort to take over the plaintiffs' markets by unfair means. The defendant has adopted the nonfunctional characteristics of the plaintiffs' product, sizes, designs, color,—all of the outward show of plaintiffs' files has been copied by the defendant, even to the style and disposition of the door handles and the card or label holders.

The use of the same color, size, dimensions and models and other nonfunctional features of the plaintiffs' product probably would not singly offend, but the adoption or appropriation of the identical dress, design and appearance of the plaintiffs' cases by the defendant, whose important employees so recently were those of the plaintiffs, exposes a conscious attempt to invade or capture plaintiffs' markets, contrary to established fair competitive practices.

I am not satisfied that any of the defendant's customers ordered and specified the exact replicas of the plaintiffs' cases, without solicitation or sales promotion upon the part of the defendant.

While matters of dimension and design largely are optional and probably controlled by the desires of the buyers and users, nevertheless the almost identical cases produced by the defendant, so hard upon the heels of the departure of plaintiffs' former employees, gives something more than casual character to the intent and purposes of the defendant. The expert can see and expound the distinguishing features and elements of accused structures as against those of the accusing party, but neither the public, nor in fact the court, is trained to observe the precise distinctions which make no substantial difference in structure, function and appearance of the respective cases of the parties.

Defendant will be enjoined from further imitation of the plaintiffs' file cases; from making and selling record files of the same dimensions; from having the same disposition of door handles and label holders; and from using the identical color of the plaintiffs' cases. Defendant will be required also to place in plain view on the face of the drawers of its cases its name plate as the manufacturer so that the public readily may distinguish its record files from those of the plaintiffs.

So that full disposition of this litigation may be had if reviewed, I find and conclude that if the patents of the plaintiffs, with the exception of 2,256,352 and 2,169,769 (withdrawn) are held to be valid the defendant's files, except as to patent 2,344,168, infringe. I think, also, the defendant's door follower does not infringe claims 8 and 16 of patent 2,256,-352 and possibly not the rear locking of patent 2,386,343. In other instances, the defendant's departure in certain respects from the construction, function and results of the plaintiffs' claims in suit could not escape infringement should the various claims in suit be held valid as inventions.

From what has been said above, recognizing the limitation on the plaintiffs'

right to extensive relief and protection, the prayer of the defendant's counterclaim will be denied.

Sufficient findings and conclusions are incorporated in this memorandum as to conform to the requirements of Rule 52(a), 28 U.S.C.A. An order may be entered in accordance with this memorandum and the findings and conclusions therein made. Each party to pay its own costs and expenses, with no allowances for legal expenses.