**RECORD FILES, Inc., Defendant-Appellant,**

v.

**DIEBOLD, Incorporated, Walter F. Regenhardt, The Steel Storage File Co., Plaintiffs-Appellees.**

No. 12788.

United States Court of Appeals
Sixth Circuit.

Oct. 26, 1956.

H. F. McNenny, Cleveland, Ohio (F. O. Richey and Richey, Watts, Edgerton & McNenny, Cleveland, Ohio, Robert Critchfield, Wooster, Ohio, on the brief), for appellant.

Warren H. F. Schmieding, Columbus, Ohio (Baker, Hostetler & Patterson, Cleveland, Ohio, Schmieding & Fultz, Columbus, Ohio, on the brief), for appellees.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

In a patent case in which appellees claimed that appellant had infringed six of their patents, and had also been guilty of unfair competition, the district court determined that all of the patents in suit were invalid; and further found that appellant was guilty of unfair competition. The court denied appellees' prayer for damages and an accounting, but granted an injunction against appellant, enjoining it from making and selling certain filing cases similar to those manufactured by appellees, which constituted the subject matter of the action. Appellant was further enjoined from using the same color as that used by appellees on their cases and from selling filing cases without substituting a name plate in lieu of appellant's embossed name on the drawers of its files. In addition, the court further dismissed appellant's counterclaim for damages alleged to have been suffered by reason of appellees' violation of the antitrust laws arising out of agreements between the appellees which appellant claimed illegally restrained trade and suppressed competition. No appeal has been taken from the district court's holding that the patents in question were invalid. The opinion of the district court, which incorporates its findings of fact and conclusions of law, is reported in 135 F.Supp. 74; and it is, therefore, unnecessary here to enlarge upon the statement of facts or discussion of the issues therein set forth.

The only questions before us on appeal are as to the determination of the trial

court's dismissing appellant's counterclaim for damages based on appellees' alleged violation of the antitrust laws, and with respect to its determination that appellant was guilty of unfair competition.

In accordance with the rule announced in the recent case of West Point Manufacturing Co. v. Detroit Stamping Co., 6 Cir., 222 F.2d 581, we are constrained to hold that the proofs in the instant case do not sustain appellees' claim that appellant was guilty of unfair competition; and the determination of the district court in this regard, as well as that portion of its decree issuing an injunction, are set aside.

With respect to the dismissal of appellant's counterclaim, the district court, on motion by appellant to dismiss appellees' action, or, in the alternative, for summary judgment stated that appellant had not, at that time (which was prior to the hearing), shown a course of conduct by appellees that disclosed a misuse of the patents in suit and a violation of the antitrust laws, and that such material issues of fact were to be resolved on the trial of the action. In denying the motion, the court stated that the restraints imposed upon the plaintiff licensee might constitute no more than conditions, the performance of which was reasonably within the reward which the patentee, by the grant of the patent, was entitled to secure, in accordance with United States v. General Electric Co., 272 U.S. 476, 47 S.Ct. 192, 71 L.Ed. 362. Obviously, in the view of the trial court, no evidence, subsequently introduced on the hearing, disclosed that the restraints imposed by the contracts between appellees, heretofore mentioned, violated the antitrust laws, and, in this regard, we are of the view that appellant has failed in its proofs.

The district court's dismissal of appellant's counterclaim for damages for alleged violation of the antitrust laws is, accordingly, affirmed.