**LEMPCO PRODUCTS, INC., Plaintiff,**

v.

**H. D. HILL, d.b.a. Hill Motors and Hill Motor Rebuilding, Defendant.**

**Civ. No. 8058.**

United States District Court
N. D. Ohio, W. D.

March 23, 1960.

Corbett, Mahoney, Miller & Rambo, William S. Rambo, Columbus, Ohio, Carl F. Schaffer, Toledo, Ohio, for plaintiff.

Teller & McCormick, Roger B. McCormick, Hartford, Conn., Harry O. Ernsberger, Toledo, Ohio, for defendant.

KLOEB, Chief Judge.

This is a patent infringement action involving U. S. Letters Patent No. 2,733,560, issued February 7, 1956, original application filed March 16, 1951, for counterbalancing means for work rotating machine tools, such as a crank shaft regrinding machine, by reason of defendant's use in his business of a crank shaft regrinding machine embodying the invention defined by Claim 1 of plaintiff's patent.

Defendant admits infringement of Claim 1 of the patent in suit if Claim 1 is found valid. The sole issue, therefore, before the Court is whether Claim 1 of the Strnad Patent No. 2,733,560 is valid.

Claim 1 of the patent in suit reads as follows:

"1. In a work rotating machine tool, a spindle rotatably supported intermediate its ends, a work gripping chuck having a work gripping axis, supported on chuck supporting parts on one end of the spindle; counterweight frame parts on the other end of the spindle supporting a counterweight; the chuck supporting parts comprising a guideway on which the chuck and some of the chuck supporting parts are movable radially rectilinearly to different radial positions; and some of the chuck supporting parts being fixed on the spindle against radial movement with the chuck; the counterweight frame parts comprising a guideway on which the counterweight is rectilinearly movable parallel with the movement of the chuck to different radial positions; the chuck and chuck supporting parts and the frame parts being out of balance around the spindle axis when the chuck is in a position coaxial with the spindle; a scale on the frame parts indicating positions of the counterweight and having a zero mark indicating a position for the counterweight at which it counterbalances the chuck and chuck supporting parts and the frame parts,

when the chuck is in said coaxial position."

The primary objective of the invention defined in Claim 1 apparently is to eliminate the time-consuming trial and error method of balancing of a number of detachable counterweights which had been employed in the prior art. The distinguishing features of the invention claimed by plaintiff are the chuck, chuck supporting parts, and the counterweight frame parts being so arranged as to be out of balance around the spindle axis when the chuck is in a position coaxial with the spindle; and a scale on the counterweight frame parts indicating positions of the counterweight and having a zero mark indicating a position for the counterweight at which it counterbalances the chuck and chuck supporting parts and the counterweight frame parts, when the chuck occupies a coaxial position with respect to the spindle axis. In other words, plaintiff claims an invention that provides means by which a crank shaft grinding may, with a minimum of time and effort, be preset for the grinding of either the main bearings or throw journals of a crank shaft without resorting to the putting on or taking off of a series of detachable counterweights, or the back and forth jockeying or adjusting of counterweights to arrive at an accurate condition of balance, such as is necessary to the satisfactory grinding of the main bearings and throw journals of a crank shaft.

Plaintiff claims that this arrangement eliminates the need for any additional gauging apparatus such as an ammeter, to determine through trial and error the proper position for the counterweight.

In answer to plaintiff's requests for admissions, defendant admitted that the crank shaft regrinding machine used by him is substantially identical to that shown and described in Van Norman Catalogue No. 55, pages 21, 22, 23 and 24, and that Van Norman Industries, Inc., has agreed with defendant to undertake the defense of this suit and to pay the expenses therefor. It will, therefore, be understood that, hereinafter, when reference is made to defendant, we have in mind Van Norman Industries, Inc.

In the answer to the complaint, defendant sets up a number of defenses, but at the trial of the case these defenses, going to the question of validity, were limited to two, to-wit, anticipation and non-invention, as follows:

(1) That the patent in suit is void and invalid in view of the public sale and use of a certain crank shaft grinding machine, hereinafter referred to as the "Cincinnati Machine", manufactured and sold by The Cincinnati Milling Machine Co. to the United States Navy more than one year prior to the application which led to the issuance of the patent in suit; and

(2) That the patent in suit is void and invalid because the invention disclosed therein did not, in fact, constitute invention, but only ordinary skill in making the Strnad improvement over the Hoier disclosure patent, No. 2,484,887, issued October 18, 1949, filed May 16, 1946 (Defendant's Exhibit No. 11).

The patent in suit (Plaintiff's Exhibit A), issued as the result of the filing by Strnad of two separate but related patent applications, the first filed March 16, 1951, and the second September 19, 1952. Plaintiff contends that the only difference between the two applications was that the second application disclosed an additional mechanical example of the single machine as disclosed in the original application.

In evaluating the challenge of validity, we, of course, must apply that portion of Section 282, Title 35 U.S.C.A., which reads as follows:

"A patent shall be presumed valid. The burden of establishing invalidity of a patent shall rest on a party asserting it * * *".

We believe that both sides are in agreement that the burden of proof necessary to establish invalidity of a patent regularly issued is quite heavy and should

be required to be established by clear and convincing evidence.

In the case of Diebold, Incorporated, v. Record Files, Inc., D.C., 135 F.Supp. 74, at page 75, Judge Jones, of the United States District Court for the Northern District of Ohio, Eastern Division, had this to say:

"(1) In reaching my determination I have given full recognition to the rule that there is an evidential presumption of validity which resides in the granting of a patent and that one who challenges validity by infringement has a heavy burden to overthrow that presumption and to establish invalidity."

In the case of United Parts Manufacturing Company v. Lee Motor Products, Inc., 6 Cir., 266 F.2d 20, at page 24, we find the following:

" * * * With respect to an unpatented device, claimed to be a complete anticipation of a patent in suit, it is necessary to prove such use by clear and convincing evidence. Petersime Incubator Co. v. Bundy Incubator Co., 6 Cir., 135 F.2d 580, 582; Twentieth Century Machinery Co. v. Loew Mfg. Co., 6 Cir., 243 F. 373, 379; Pleatmaster, Inc., v. J. L. Golding Mfg. Co., 7 Cir., 240 F.2d 894, 898. * * *".

Defendant contends that the patent in suit is entitled to a presumption of validity, but that the presumption is weakened for two reasons:

1. That the patentee had two copending applications for the same alleged invention under active prosecution at the same time although, in the opinion of defendant, the first application should have been abandoned with the filing of the second in accordance with custom and practice; that the final rejection of one application under these circumstances should weaken the presumption of validity attaching to the grant of the other;

2. That the Hoier patent, heretofore referred to, which was used as the principal reference by the Patent Office, contained an erroneous disclosure, in that it was intended to show accurately the "Cincinnati Machine" which it is claimed was anticipatory of plaintiff's device, but that it did not so accurately portray the "Cincinnati Machine".

■ We cannot agree with defendant's first contention. We find no authority for concluding that the presumption of validity is in any way conditioned upon the patentee's prompt abandonment of a first filed, parent application, in favor of a second later filed and continuing application.

■ In support of defendant's second contention that the presumption of validity is weakened because the Hoier patent contained an erroneous disclosure, defendant cites the case of O'Leary v. Liggett Drug Co., 6 Cir., 150 F.2d 656. We cannot agree with defendant that the O'Leary case is authority that, because the disclosure of a prior art reference was erroneous, the presumption of validity of the patent in question was weakened. The O'Leary case involved a situation where the Patent Office personnel erroneously interpreted or misunderstood the disclosure. At p. 663, Para. 6.

Defendant's claim of anticipation is, as we have stated, based upon the public sale and use of the "Cincinnati Machine" more than one year prior to March 16, 1951, which is the effective date of the patent in suit. There is no question but that the sale and use of the "Cincinnati Machine" occurred more than one year prior to the effective filing date of the patent in suit. Plaintiff so concedes.

The question that we have to determine is whether or not the "Cincinnati Machine", as sold and used, embodied all of the structural elements set out in Claim 1. Was it a complete anticipation? From the testimony and the evidence offered, we believe that it was not. We must agree with plaintiff that defendant has failed to sustain his burden of proving by clear and convincing evidence that the "Cincinnati Machine" included a

chuck, chuck supporting parts and counterweight frame parts which were out of balance around the spindle axis when the chuck was in a position coaxial with the spindle, or that the counterweight scale of the "Cincinnati Machine" had a zero mark indicating a position for the counterweight at which it counterbalanced the chuck and chuck supporting parts and counterweight frame parts, when the chuck was coaxial with the spindle, all as specified in Claim 1 of the patent in suit.

As to the second defense of "lack of invention", defendant relies upon the deposition of Mr. Ludwig W. Melcher. On page 158 of the record, we find the following colloquy:

"Mr. McCormick:  *  *  *

"The only remaining deposition that the defense will place any reliance upon is the deposition of Mr. Ludwig W. Melcher, and in connection with that deposition there were three photographs offered as Defendant's Exhibits 26, 27 and 28, and I understand that Mr. Rambo has waived any objection that he stated in the deposition to the photographs, but he still reserves for your Honor's consideration any objection he had to questions propounded in the deposition.

"I do not plan to read this deposition. I should like to just offer it for your Honor's consideration.

*  *  *  *  *  *

"The Court: I take it, gentlemen, that the questions directed to Mr. Melcher go to the sole question of whether or not there was invention, is that correct?

"Mr. McCormick: Yes, Your Honor.  *  *  *".

From the deposition, we gather that Mr. Melcher was employed by the Neumeyer Motor Parts, Inc., of Houston, Texas, as a crank shaft grinding machine operator, and that the crank shaft regrinding machine in use at the Neumeyer place of business is one manufactured by defendant Van Norman and was purchased by Neumeyer in May of 1951, which is subsequent to the filing date of the patent in suit, namely, March 16, 1951; that some months after he had commenced operating this machine he, Melcher, modified the machine by providing an indicating scale by reference to which the outboard counterweights might be moved to various positions to balance the machine. However, there is nothing in the testimony of Melcher to show that his modification of the machine resulted in providing a counterbalancing system which eliminated the trial and error method of manipulation of the counterweights to arrive at the desired condition of balance.

We assume that defendant offers the testimony of Melcher to make the point that the invention of plaintiff, as disclosed in Claim 1 of the patent in suit, amounted only to the employment of mechanical skill; that, if a mechanic like Mr. Melcher could devise a scheme of counterbalancing after using a machine a few months, and apply his scheme to improving the machine, this is evidence that mechanical skill only was needed to arrive at the invention of plaintiff. Even if the device of Melcher accomplished the same results in the same way, and by employment of the same means defined in Claim 1 of the patent in suit, we would still be reluctant to class him as having been engaged only in the employment of mechanical skill. It must be borne in mind that he modified the Van Norman machine some months after the effective date of the patent in suit, and in making this modification he, too, a skilled work rotating machine operator with more than ten years of experience on these machines, could have possessed some inventive genius. However, we do not believe that his modification approached the requirements of Claim 1 of the patent in suit.

Defendant itself supplies the concluding test as to whether or not Claim 1 of plaintiff's patent effects an advancement in the art. It has chosen to copy and use plaintiff's device in preference to others heretofore used, manufactured and sold by it. It indicates, therefore,

that it has great confidence in the disclosures made in Claim 1 of plaintiff's patent.

Injunction may issue as prayed in paragraph A in plaintiff's complaint.

An accounting as prayed for, and the award of attorney fees and costs, are deferred for a reasonable period of time in order to afford the parties an opportunity to voluntarily reach an agreement on these matters. If the parties fail to agree, then, on motion, the Court will take such action as may be deemed advisable to hear and dispose of these matters.

Plaintiff may, within twenty days, prepare and lodge with the Court findings of fact and conclusions of law drawn in accordance with this opinion. Within twenty days thereafter, defendant may file his exceptions and suggested additions thereto.